# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **JENNIFER HACKER** <br> 277 Main Street <br> Helena, Ohio 43435 | * <br><br> * | Case No. <br><br> Judge |
| Plaintiff, <br> v. | * <br><br> * | **COMPLAINT; JURY DEMAND ENDORSED HEREON** |
| **ERIE COUNTY GENERAL HEALTH DISTRICT BOARD OF HEALTH** <br> 420 Superior Street <br> Sandusky, Ohio 44870 <br><br> and <br><br> **ERIE COUNTY COMMUNITY HEALTH CENTER** <br> 420 Superior Street <br> Sandusky, Ohio 44870 <br><br> and <br><br> **PETER T. SCHADE** individually and in his official capacity as Health Commissioner of Erie County, Ohio <br> 420 Superior Street <br> Sandusky, Ohio 44870 | * <br><br><br> * <br><br><br> * <br><br> * <br><br><br> * <br><br> * <br><br> * <br><br> * <br><br> * | Francis J. Landry (0006072) <br> **WASSERMAN, BRYAN, LANDRY & HONOLD, LLP** <br> 1090 W. South Boundary St <br> Suite 500 <br> Perrysburg, Ohio 43551 <br> Telephone: (419) 243-1239 <br> Facsimile: (419) 243-2719 <br> Email: FLandry308@aol.com <br> Attorney for Plaintiff <br> Jennifer Hacker |

Defendants.

\* \* \* \* \* \* \* \*

## JURISDICTION

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, 1343, 2201, and 2202. This action is also for a violation of 42 USC 1983 for deprivation of liberty and property interests without due process of law. Plaintiff also invokes the supplemental jurisdiction of this Court pursuant to 28 U.S.C. Section 1367 for claims brought under Ohio common law for breach of contract.

## VENUE

2. Venue of this Court is proper pursuant to 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff, Jennifer Hacker ("Plaintiff" or "Ms. Hacker"), is a female citizen of the United States and a resident of the City of Helena, County of Sandusky, State of Ohio, who was employed with the Erie County General Health District Board of Health as a Family Nurse Practitioner pursuant to a written contract to provide services at the Erie County Community Health Center.

4. Defendant, Erie County General Health District Board of Health is a board that oversees health and provides treatment for Erie County, Ohio and is a person within the meaning of 42 U.S.C. Section 1983.  Defendant is a county agency.

5. Defendant Erie County Community Health Center is a center that provides health care treatment to the public in Erie County, Ohio and is operated by Defendant Erie County General District Board of Health.  Plaintiff performed her contractual services at Defendant Erie County Health Center.  Defendant is a county agency.

6. Defendant, Peter T. Schade, at all times material was Health Commissioner of Erie County and, as such, was responsible for the operations of the Erie County Health Department and Erie County Community Health Center.

**NATURE OF THE CASE**

7. Plaintiff brings this action for money damages for breach of contract and for deprivation of her property interest in her job and her liberty interest in her reputation resulting for attempts by Defendant to terminate her employment contract.

**FACTS COMMON TO ALL CLAIMS**

8. Plaintiff was an employee of the Erie County General Health District Board of Health for the Erie County Community Health Center since April 17, 2018 as a Family Nurse Practitioner, and was well qualified for her position.

9. During her employed with Defendant, Plaintiff was at all times meeting or exceeding Defendant's legitimate expectations.

10. Plaintiff was employed pursuant to a written Contract for Professional Services which was to remain in effect beginning with a start date of April 17, 2018 and which was to automatically renew annually unless terminated by either party upon ninety (90) days written notice to the other party or until terminated by mutual agreement.  The contract was also able to be terminated by the Defendants in the event that the Plaintiff guilt of misfeasance, nonfeasance or malfeasance and without cause upon ninety (90) calendar day notice.

11. On January 26, 2022, the Defendant purported to terminate Plaintiff's employment. In terminating her employment, the Defendant failed to follow statutory procedure under the Ohio Revised Code. Plaintiff appealed this purported termination to the Ohio State Personnel Board of Review which disaffirmed the termination for failure to serve an order for removal in its Order dated May 16, 2022.

12. Plaintiff states that the purported reasons advanced by Defendant in support of its termination, providing primary care services outside of her scope in a research study that she

engaged in with the Wright State University and knowingly engaging in the practice of primary care while exhibiting covid symptoms were false and pretextual.

## FIRST CLAIM FOR RELIEF
### 42 U.S.C. 1983– Due Process

13. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twelve (12) of this Complaint, supra, by reference in its entirety as if fully restated herein.

14. Defendants at all times relevant to this action were acting under color of State Law.

15. Plaintiff states that defendant is a county agency.  At all times material hereto, Defendants were acting under the control of that department as a state actor.  Furthermore, acting under color of state law, Defendants denied Plaintiff due process when it followed a custom and/or policy of inadequately processing termination of Plaintiff without serving a removal order and for terminating her without cause or reason. Plaintiff states that Defendants failed to conduct an adequate investigation into the charges against her before purportedly terminating her employment.  Defendants also purported to terminate Plaintiff for false and scurrilous reasons and thereby severely damaged her reputation as a medical practitioner in the community and, by reason thereof, denied her of liberty interest without due process of law. The actions of Defendants were taken against Plaintiff in violation of the Fourteenth Amendment to the Constitution of the United States.

16. At all times material hereto, Defendants acted pursuant to a policy or custom of Defendants Erie County General Health District Board Of Health and Erie County Community Health Center in terminating Plaintiff without serving removal orders and without proper notice and without just cause and without any opportunity to be heard pre-deprivation and post deprivation.

17. Defendants failed to adopt clear policies and failed to properly train its officers and personnel administrators as to their proper role in handling employee issues and employment termination.

18. Defendants' policy or customs, and their failure to adopt clear employment termination policies, were a direct and proximate cause of the constitutional deprivations suffered by Plaintiff.

19. Plaintiff states that at all times material hereto she was meeting and/or exceeding legitimate employer expectations.

20. As a proximate result of the acts of Defendant complained of herein, Plaintiff has suffered the loss of back wages damages resulting from a significant student loan, fringe benefits and pension benefits and has suffered great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

## SECOND CLAIM FOR RELIEF
### Breach of Contract

21. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty (20) of this Complaint, supra, by reference in its entirety as if fully restated herein.

22. Plaintiff was an employee of the Erie County General Health District Board of Health for the Erie County Community Health Center since April 17, 2018 as a Family Nurse Practitioner, and was well qualified for her position.

23. During her employment with Defendants, Plaintiff was at all times meeting or exceeding her Defendants' legitimate expectations.

24. Plaintiff was employed pursuant to a written Contract for Professional Services which was to remain in effect beginning with a start date of April 17,2018 and which was to automatically renew annually unless terminated by either party upon ninety (90) days written

notice to the other party or until terminated by mutual agreement. The contract was also able to be terminated by the Defendants in the event that the Plaintiff guilt of misfeasance, nonfeasance or malfeasance and without cause upon ninety (90) calendar day notice.

25. On January 26, 2022, the Defendants purported to terminate Plaintiff's employment. In terminating her employment, the Defendants failed to follow statutory procedure under the Ohio Revised Code. Plaintiff appealed this purported termination to the Ohio State Personnel Board of Review which disaffirmed the termination for failure to serve an order for removal in its Order dated May 16, 2022.

26. In terminating Plaintiff on January 26, 2022, Defendants breached its contract of employment with Plaintiff in that it terminated her without just cause and without giving her the notice called for in the contract. The State of Ohio Personnel Board of Review, having disaffirmed the termination on May 16, 2022, Plaintiff states that her contract is still valid and automatically renewed for an additional year, but that Defendants have refused and continues to refuse to permit her to return to work.

27. As a proximate result of the actions of Defendanst as complained of herein, Plaintiff has suffered the loss of her job position, back wages, seniority, fringe benefits and pension benefits, diminished earning capacity and great mental and emotional stress, anxiety, humiliation and embarrassment all to her damage. Plaintiff has also been forced to expend litigation expenses and attorney's fees.

**FIRST CLAIM FOR RELIEF**
**42 U.S.C. 1983– Free Speech**

28. Plaintiff incorporates each and every allegation contained in paragraphs one (1) through twenty-seven (27) of this Complaint, supra, by reference in its entirety as if fully restated herein.

29. Defendants at all times relevant to this action were acting under color of State Law.

30. Plaintiff states that defendant is a county agency. At all times material hereto, Defendants were acting under the control of that department as a state actor. Furthermore, acting under color of state law, Defendants violated Plaintiff's right to free speech when it followed a custom and/or policy of terminating her for sharing her opinions in a research study. Plaintiff states that Defendant failed to conduct an adequate investigation into the charges against her before purportedly terminating her employment. The actions of Defendants were taken against Plaintiff in violation of the First Amendment to the Constitution of the United States.

31. At all times material hereto, Defendants acted pursuant to a policy or custom of Defendants Erie County General Health District Board of Health and Erie County Community Health Center in terminating Plaintiff in retaliation for her sharing her opinions in a research study. The acts described herein are violative of the First Amendment to the United States Constitution and are actionable pursuant to 42. U.S.C. Section 1983.

32. Defendants' policy or customs, and their failure to adopt clear employment termination policies, were a direct and proximate cause of the constitutional deprivations suffered by Plaintiff.

33. Plaintiff states that at all times material hereto she was meeting and/or exceeding legitimate employer expectations.

34. As a proximate result of the acts of Defendants complained of herein, Plaintiff has suffered the loss of back wages damages resulting from a significant student loan, fringe benefits

and pension benefits and has suffered great mental and emotional stress, anxiety, humiliation and embarrassment.  Plaintiff has also been forced to expend court costs and attorney's fees.

**WHEREFORE,** Plaintiff prays for an injunctive order reinstating her to her position with Defendants with full back pay, seniority and benefits, or in the alternative, for an award of front pay in lieu of reinstatement.  Plaintiff further demands a judgment against Defendants for compensatory and punitive damages for emotional distress, anxiety, humiliation and embarrassment plus her costs, interest and reasonable attorney fees.  Plaintiff also seeks prejudgment and post judgment interest.  Plaintiff further prays for whatever other legal or equitable relief she may appear to be entitled to.

Respectfully submitted,

**WASSERMAN, BRYAN, LANDRY & HONOLD, LLP**

 /s/Francis J. Landry
Francis J. Landry, Attorney for
Plaintiff, Jennifer Hacker

## JURY DEMAND

Plaintiff demands a jury trial as to all issues so triable in the within cause.

/s/Francis J. Landry
Francis J. Landry